**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          No. CR 18-0808 RB

MISTY N. FARMER,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

       **THIS MATTER** comes before the Court comes on a letter Ms. Farmer submitted to the Court on August 28, 2020, which the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 35.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.**       **Background**

       On October 26, 2018, Ms. Farmer was sentenced to 120 months imprisonment after pleading guilty to an Information charging possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (Docs. 14; 18; 27.) She now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce her sentence due to the COVID-19 pandemic. (Doc. 35.)

**II.**      **Analysis**

       The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with

1

the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Ms. Farmer did not allege in her motion that she had exhausted her administrative rights before filing her motion with the Court. (*See* Doc. 35.) The Government submitted evidence that there is no record that Ms. Farmer has filed such a request with the BOP. (*See* Doc. 39-1.) Consequently, Ms. Farmer has not met her burden of establishing that she has exhausted her administrative remedies, and her motion is premature. The Court treats § 3582(c)((1)(A)'s exhaustion requirement as jurisdictional. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020). Because Ms. Farmer filed her motion prematurely, the Court will dismiss it for lack of exhaustion.

Even if the Court did not treat the exhaustion requirement as jurisdictional, it would deny the motion for at least two reasons. First, Ms. Farmer seeks a reduction due to the recent COVID-19 outbreak at the facility in which she is housed—FMC Carswell. (Doc. 35.) The Court observes that in the weeks since Ms. Farmer filed her motion, the number of positive COVID-19 cases at FMC Carswell has significantly decreased. On July 22, 2020, approximately one month prior to the date that Ms. Farmer filed her motion, there were 510 confirmed positive inmate cases at FMC Carswell. *See United States v. Lovelace*, No. CR 15-4112 RB, 2020 WL 4201845, at *4 (D.N.M. July 22, 2020) (citing *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop. gov/coronavirus/). On the date of this writing, September 16, 2020, the number has dropped to 15

cases. *See COVID-19 Coronavirus*. Thus, the Court declines to expressly find that extraordinary and compelling reasons exist for a sentence reduction when it appears that FMC Carswell has gotten the outbreak under control.

Second, Ms. Farmer asserts that she is in a vulnerable population because she has been diagnosed with Ankylosing Spondylitis, which "is an inflammatory disease that, over time, can cause some of the small bones in [one's] back (vertebrae) to fuse." *Ankylosing Spondylitis*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/ankylosing-spondylitis/symptoms-causes/syc-20354808 (last visited Sept. 16, 2020). Certain underlying medical conditions are associated with putting individuals at an increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 16, 2020). Ms. Farmer's medical condition is not one that puts her at a higher risk of severe illness from COVID-19. *See id.* Because her health condition is not one that creates extraordinary and compelling circumstances sufficient to warrant a sentence reduction, the Court would be unable to grant the relief she seeks.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release, (Doc. 35) is **DISMISSED** for failure to exhaust.[1]

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[1] The Court previously granted the Federal Public Defender additional time to screen Ms. Farmer's case to determine whether to file a motion to appoint counsel. (*See* Docs. 36; 38.) Due to evidence of the lack of exhaustion, the Court finds that such screening has been rendered unnecessary.